UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD P. EMERY, et al.,

    Plaintiffs,

v.

PIERCE COUNTY, et al.,

    Defendants.

CASE NO. C08-5282BHS

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ENTRY UPON LAND AND GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

This matter comes before the Court on Defendants' motion to compel entry upon land (Dkt. 26) and Plaintiffs' motion to amend the complaint (Dkt. 30). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On May 7, 2008, Defendants removed this matter from Thurston County Superior Court. Dkt. 1. On May 12, 2008, this matter was reassigned to the undersigned. Dkt. 5. On October 9, 2009, Defendants filed a motion to compel entry upon land. Dkt. 26. On October 23, 2009, Plaintiffs filed an opposition to the motion to compel. Dkt. 32. On October 27, 2009, Defendants replied. Dkt. 37. On October 15, 2009, Plaintiffs filed a motion to amend the complaint. Dkt. 30. On October 26, 2009, Defendants responded in opposition to the motion to amend. Dkt. 33. On October 28, 2009, Plaintiffs replied. Dkt. 40. An order reassigning the case to this Court was entered on October 27, 2009.

ORDER - 1

## II. FACTUAL BACKGROUND

This matter arises out of events pertaining to Pierce County's approval of the Wedgewood Development on or about November of 1992. Dkt. 1 at 7 ¶ 17. Plaintiffs opposed the construction project. *Id.* at ¶ 18. Plaintiffs noted concerns in a public meeting that "the project would have problems regarding storm water drainage and the fact that an intermittent stream drains onto the site where Wedgewood was to be built . . . ." *Id.* Among other things, Plaintiffs complain that Defendants "permitted the Wedgewood Development to be constructed without protecting the Emery property from water back-up." *Id.* at ¶ 32. Plaintiffs further complain that Defendants disregarded the fact that much of the Wedgewood Development was built on a flood plane . . . [that required] adequate wetland provision and safeguards be installed . . . ." *Id.* Plaintiffs assert that Defendants permitted an "unregulated clearing of property upstream from the Emery property that has caused hardship and damage to the Emery property." *Id.* at ¶ 34.

Defendants ask the Court to compel Plaintiffs to permit Defendants to enter upon the Plaintiffs' land ("the Emery property"). Dkt. 26. Defendants assert that Plaintiffs have put information regarding the Emery property at issue and, as such, entry is justified. *See id.* at 3. Defendants note several persons who have filed reports regarding the Emery Property. *See* Dkt. 27, Declaration of P. Grace Kingman ("Kingman Decl.") at ¶¶ 3-7 (describing the information Plaintiffs obtained through Mr. Peck, Mr. Deming, Mr. Davis, and Mr. Curtis, which pertain to the soil, land, and other features of the Emery property).

Defendants assert they originally requested entry upon the land and were granted permission to do so through Plaintiffs' attorney, Mr. Cain. *Id.* at ¶ 7. This permission was apparently revoked. *Id.* at ¶¶ 9-13 (noting several exchanges leading to a denial of entry). In response, the Defendants filed the instant motion to compel entry upon the Emery property.

In a separate motion, Plaintiffs move the Court to permit them to amend their complaint. Dkt. 30. Plaintiffs wish to add two causes of action. *Id.*

## II. DISCUSSION

**A.     Defendants' Motion to Compel**

Fed. R. Civ. P. 26(b) is interpreted to allow liberal discovery of all information reasonably calculated to lead to the discovery of admissible evidence, although the discoverable information itself need not be admissible at trial. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993). Courts are generous in providing broad discovery parameters and refusing to allow "procedural technicalities [to] impede the full vindication of guaranteed rights." *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983).

A party is permitted to enter upon designated land or property that is in the possession or control of another party "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." Fed. R. Civ. P. 34. The scope of this entry is limited to discoverable material. Discoverable material includes "any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition . . . or other tangible things . . . ." Fed. R. Civ. P. 26(b)(1).

If a party refuses to permit requested discovery that is relevant and not otherwise subject to privilege, the requesting party may seek an order compelling discovery. Fed. R. Civ. P. 34; 37(a)(2)(B). The party resisting discovery has a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Cable and Computer Tech. Inc. v. Lockheed Saunders*, Inc., 175 F.R.D. 646, 650 (C.D. Calif., 1997) (the party resisting discovery must clarify, explain, and support its objections). Courts have found physical inspections relevant when the resisting party's physical premises were at issue. *New York State Ass'n for Retarded Children v. Carey*, 706 F.2d 956 (2d Cir. 1983); *see also Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370 (N.D. Ill. 1981).

Plaintiffs have put the land and the need for its inspection at issue. *See* Dkt. 22 (disclosure of expert witnesses, including Mr. Peck, Mr. Deming, Mr. Davis, and Mr. Curtis); *see also* Kingman Decl. at 2 and Ex. Nos. 1-4 (asserting reasons for the Defendants' need to enter upon the Emery property, which is centered on the information contained in Plaintiffs' experts' reports). Plaintiffs have also failed to establish adequate reasons why Defendants should be prohibited from obtaining what appears to be relevant information that is likely to lead to discoverable material. *See Fed. R. Civ. P.* 34.

Therefore, Defendants' motion to compel entry upon land is granted to the extent Defendants' entry is limited to the purpose expressed in the pleadings and consistent with Defendants' prior request to enter land. *See* Dkt. 26 (discussing the extent of entry and inspection needed); *see also* Kingman Decl. at 21 (Defendants' initial request to enter land filed on October 9, 2009 prior to the case being reassigned to the undersigned).

**B.     Plaintiffs' Motion to Amend Complaint**

Plaintiffs move the Court to grant them leave to amend their complaint. Dkt. 30, Such a motion is governed by Federal Rule of Civil Procedure 15(a). Under Fed. R. Civ. P. 15(a), a party is allowed to amend its pleading once as a matter of course within 20 days of serving the pleading, or at any time before a responsive pleading is served. After this time period, a party may amend its pleading by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Denial [of a motion to amend complaint] is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990) (citing *Moore v. Kayport Packaging Express, Inc.*, 885 F.2d 531, 538, 539 (9th Cir. 1979)).

An answer has been filed in this case. Dkt. 18. Plaintiffs, therefore, seek leave from the Court to amend their complaint. Dkt. 30; *see also* Fed. R. Civ. P. 15(a). Defendants oppose Plaintiffs' motion to amend the complaint on the basis that (1)

Defendants will not have time to take additional depositions before the discovery deadline of November 23, 2009; (2) Defendants would have little time to respond to the amended complaint; (3) the additional causes of action would require additional discovery; and (4) additional discovery would prejudice Defendants and would delay the proceedings due to the discovery deadline having passed. Dkt. 33 at 4.

As will be discussed below, the discovery deadline is extended to December 23, 2009. As such, the Court is unpersuaded by Defendants' concerns regarding the discovery deadline as they relate to Plaintiffs' motion to amend the complaint. The Court is also unpersuaded that Defendants will not have sufficient time to respond to the amended complaint. Therefore, Plaintiffs' motion to amend the complaint is granted.

**C.    Plaintiffs' Motion for Sanctions**

Sanctions will not be imposed in this matter. *See* Dkt. 32 at 13 (Plaintiffs' request for sanctions pursuant to Fed. R. Civ. P. 11).

**D.    Plaintiffs' Motion to Extend Discovery**

Considering the Court's rulings herein, the Court finds it appropriate to extend the discovery deadline until December 23, 2009. Therefore, Plaintiffs' motion to extend discovery (Dkt. 43) is now moot.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to compel entry upon land (Dkt. 26) is **GRANTED**. Plaintiffs' motion to amend the complaint (Dkt. 30) is **GRANTED.** Plaintiffs' motion for sanctions (Dkt. 32) under Fed. R. Civ. P. 11 is **DENIED**. The discovery deadline is extended to December 23, 2009.

DATED this 23rd of November, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5