UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD P. EMERY, et al.,

        Plaintiffs,

    v.

PIERCE COUNTY, a political corporation located in the State of Washington, et al.,

        Defendants.

CASE NO. C08-5282BHS

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION FOR DISMISSAL OF ALL CLAIMS

This matter comes before the Court on Defendants' motion for summary judgment on all claims against them (Dkt. 53). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 7, 2008, Plaintiffs filed this action for damages in Thurston County Superior Court. Dkt. 1, Ex. A. On the same day, Defendants removed the action to federal court. Dkt. 1. On November 13, 2008, Defendants answered the complaint. Dkt. 18. On October 15, 2009, Plaintiffs requested leave to file an amended complaint. Dkt. 30. On October 26, Defendants responded to Plaintiffs' motion to amend. Dkt. 32. On October 27, 2009, the matter was reassigned with the prior motions referred to the undersigned.

ORDER - 1

Dkt. 36. On October 28, 2009, Plaintiffs replied to Defendants' response to the motion to amend. Dkt. 40. On November 23, 2009, the Court granted the motion to amend. Dkt. 47. On November 30, 2009, Plaintiffs filed their amended complaint. Dkt. 48. On December 22, 2009, Defendants filed the instant motion for summary judgment, which included a motion to strike certain information relied upon by Plaintiffs. Dkt. 53. On January 12, 2010, Plaintiffs responded to the motion for summary judgment. Dkt. 65. On January 20, 2010, Defendants replied. Dkt. 73.

Additionally, Plaintiffs have other motions pending before the Court; however, resolving the instant motion disposes of the pending motions. *See, e.g.,* Dkts. 58-60.

## II. FACTUAL BACKGROUND

This matter arises out of Plaintiffs' use and alleged misuse of their property. *See generally* Dkt. 48. Plaintiffs have owned two parcels of property in Pierce County, Washington since 1915. Declaration of John C. Cain (Cain Decl.), Ex. 29 ¶ 7. Over the years, Plaintiffs have utilized these parcels for "timber production and harvesting, farming, and trucking." *Id*.

Pierce County's 1994 comprehensive plan rezoned Plaintiffs' property in 1994. Ord. #94-82s. This zoning became effective January 1, 1995. *Id*. Based on inspections of Plaintiffs' land, which began in 2004, Pierce County Department of Planning and Land Services ("PALS") issued six notices/orders in relation to certain activities Plaintiffs were engaged in, on their property, which PALS determined to be illegal. Dkt. 48, Exs. 1-2. Plaintiffs allege that, on more than one occasion these inspections resulted from uninvited entry and unwarranted searches upon their land. Dkt. 48 ¶ 3.9.

Plaintiffs' admit that they informed the county that they would not comply with these land use cease and desist order(s). Dkt. 54, Declaration of P. Grace Kingman (Kingman Decl.), Ex. 2 at 1 (Emery Deposition). Plaintiffs allege that these orders issued without a hearing on the merits and did not inform them that they needed to apply for a non-conforming use permit. Dkt. 48 ¶ 3.12; Declaration of Donald P. Emery. The orders

did inform Plaintiffs that "[a]ppeals of the Correction Notice/Cease and Desist Order shall proceed according to PCC 1.22.090" (Pierce County Code). *See, e.g.,* Dkt. 48, Ex. 1 at 4. Part IV of the order(s) also informed Plaintiffs that they "must submit an application . . . for an Appeal of an Administrative Official's Decision . . . within fourteen (14) days of the date of [the] order." *Id.* at 7. Plaintiffs did not make such appeal.

The order(s) also informed Plaintiffs that "noncompliance [with the order] may result in . . . criminal charges." *Id.* at 10. Additionally, the August 25, 2004, Notice and Order to Correct informed Plaintiffs that one option for resolution was to "contact Terry Belieu, Associate Planner, . . . to apply for a Conditional Use Permit. Dkt. 48, Ex. 2 at 1. Plaintiffs eventually filed for a conditional use permit in June of 2005. Dkt. 48 ¶ 3.16. Plaintiffs did receive a nonconforming use permit in February of 2007. *Id.*

Plaintiffs also allege that, in addition to these orders, "Defendants knowingly recommended to the Pierce County Prosecutor that the [Plaintiffs] be criminally charged with land use violations that were false and not supported in either law [or] fact . . . ." Dkt. 48 ¶ 3.8. The prosecutor did, in fact, bring criminal charges against Plaintiffs. *Id.* Plaintiffs allege that, although these charges were eventually dropped, they incurred great expense because of the charges. *Id.*

Further based on the foregoing, Plaintiffs allege nine causes of action against Defendants: (1) violations under 42. U.S.C. § 1983, et seq.; (2) failure to train, supervise or instruct; (3) negligence; (4) unreasonable search, violating the Fourth Amendment of the Untied States Constitution; (5) inverse condemnation; (6) trespass; (7) interference with a business expectancy; (8) malicious prosecution; and (9) abuse of process. Dkt. 48 ¶¶ 4.1.1 - 4.9.3. Additionally, in their briefing, Plaintiffs contend that their amended complaint includes an allegation that the criminal prosecution, which continued after Plaintiffs received acknowledgment of their nonconforming use permit, violated their substantive due process rights. Dkt. 65 at 9-12.

# III. DISCUSSION

## A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Summary Judgment Motion**

Defendants move the Court to enter summary judgment as to each of these nine claims. Defendants assert that Plaintiffs' claims fail because the claims are barred by the statute of limitations or because Plaintiffs failed to exhaust their administrative remedies. Dkt. 53 at 2.  Further, even if Plaintiffs' claims are not barred by the statute of limitations or the failure to exhaust administrative remedies, Defendants contend Plaintiffs' § 1983 claims also fail on the merits. *Id*. Therefore, Defendants assert that they are entitled to summary judgment as to all claims against them. *Id*.

**1.     Statute of Limitations**

"[A] statute of limitations begins to run upon the accrual of a cause of action regardless of [a] plaintiff's knowlege of the right to sue." *O'Neil v. Estate of Murtha*, 89 Wn. App. 67, 73 (1997).  The Court determines a limitations period for a claim under 42 U.S.C. § 1983 by applying the forum state's statute of limitations for personal injury claims. *See, e.g., Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). The statute of limitations on a personal injury claim in Washington State is three years. RCW 4.16.080(2). When a party files a claim for damages with Pierce County Risk Management, the statute of limitations is tolled for sixty days. RCW 4.96.020(4). Plaintiffs' pendant claims are also subject to a three-year statute of limitations. RCW 4.16.080(2).

The following six notices/orders form the basis of Plaintiffs' claims:

(1) 05/10/04   Correction Notice/Cease and Desist Order, site development activity

(2) 06/16/04   Correction Notice/Cease and Desist Order, wetland violations

(3) 08/25/04   Notice and Order to Correct, zoning violation regarding the trucking business

(4) 08/27/04   Notice of Violation, structures built without permits

ORDER - 5

(5) 10/21/04 Notice of Intent to Abate Dangerous Building, roof structure over garage/shop likely to collapse

(6) 04/16/07 Correction Notice/Cease and Desist Order, site development activity

The statute of limitations on the first two orders expired on May 9, 2007, and June 15, 2007, respectively (three years from the date of issue). Because Plaintiffs filed a claim with Pierce County Risk Management on August 17, 2007, they effectively tolled the statute of limitations on the orders (3), (4), and (5) for sixty days. *See* RCW 4.96.020(4). The statute of limitations for these orders expired after the tolling period ended on October 24, 2007, October 26, 2007, and December 20, 2007, respectively. Significantly, Plaintiffs did not file their original complaint until April 9, 2008. Therefore, Plaintiffs failed to bring action until after the statute of limitations had run on all but the sixth order, which issued on April 16, 2007, listed above. To the extent Plaintiffs base their claims on these six orders, only the sixth order survives the statute of limitations.

Therefore, the Court grants summary judgment in favor of the Defendants regarding any claim based on the notices/orders numbered 1-5, above.

**2. Failure to Exhaust**

Pierce County Code provides that "[t]he Examiner's decision on all matters is final and conclusive unless appealed." PCC 1.22.140. Plaintiffs appealed the Correction Notice/Cease and Desist Order (number (6), above). Kingman Decl. at 15X. The hearing examiner denied the appeal. *Id*.

Appeals from such decision are to be made within seven working days as set forth in PCC 1.22.130. *Id*. at 18X. The final decision may be appealed in accord with Chapter 36.70C RCW. *Id*. This chapter regards the Land Use Protection Act (LUPA). Washington's LUPA, chapter 36.70C RCW, provides a statutory standard for review of land use petitions. LUPA serves as "the exclusive means of judicial review of land use decisions," subject to certain exceptions.

RCW 36.70C.030(1). LUPA sets out the procedures for bringing a land use petition to seek review of a land use decision in superior court. RCW 36.70.060. "LUPA requires parties to exhaust administrative remedies before filing a petition in superior court." *Twin Bridge Marine Park, L.L.C. v. State Dept. of Ecology*, 162 Wn.2d 825, 857 (2008) (citing RCW 36.70C.060(2)(d)).

Here, Plaintiffs did not appeal the Examiner's decision. Therefore, barring some exception to LUPA, the Examiner's decision to deny Plaintiffs' appeal of the April 17, 2007 order is final.

Plaintiffs contend their claims are subject to the exceptions of LUPA and they were, therefore, not required to file a petition under LUPA. Dkt. 63 at 16. However, Plaintiffs' arguments are unavailing.

First, Plaintiffs contend that LUPA does not cover "[c]laims provided by any law for monetary damages or compensation." *Id.* (relying on RCW 36.70C.030). Plaintiffs are correct that claims for monetary damages included with a land use petition "are not subject to the procedures and standards, including deadlines, provided in this chapter for review of the petition." RCW 36.70C.030(1)(c). But this provision is of no help to Plaintiffs. The same section provides that when claims for damages are included in a petition, the "judge who hears the land use petition may, if appropriate, preside at a trial for damages or compensation." *Id.* Plaintiffs' claims for damages or compensation depended on the successful prosecution of their LUPA appeal of the six orders/notices that were issued by Pierce County, which in turn depended on compliance with LUPA procedure. Because Plainitffs failed to comply with LUPA's procedural requirements, they cannot now succeed on their LUPA appeal. Therefore, they cannot succeed in a claim for monetary damages or compensation.

Second, Plaintiffs contend that LUPA does apply where "a local jurisdiction is required by law to enforce the ordinances in a court of limited jurisdiction."

ORDER - 7

Dkt. 63 at 16 (relying on RCW 36.70C.020(2)(c)). To the extent Plaintiffs expect this argument to stand on its own, it fails. Plaintiffs have not adequately shown this exception to be applicable in their case. Further, to the extent Plaintiffs combine this exception with their reliance on *Post v. City of Tacoma*, 167 Wn.2d 300 (2009), it fails. *Post* concerns the assessment of monetary penalties (i.e., civil infractions). 167 Wn.2d 300. This matter concerns six orders/notices to cease and desist certain activities and no fines were involved. *Post* is, therefore, distinguishable. As such, contrary to the position taken by Plaintiffs, their claims fall within the scope of LUPA and the procedures mandated by LUPA bar the present action.

Plaintiffs further argue that they were not required to exhaust their administrative remedies because a hearing examiner does not have the authority to decide constitutional issues. Dkt. 63 at 17 (relying on *Open Door Baptist Church v. Clark County*, 140 Wn.2d 143, (2000)). *Open Door* involved a challenge to a notice/order whereby the church contended the notice/order itself was unconstitutional. 140 Wn.2d at 146 (analyzing whether the notice/order burdened the church's free exercise of religion). The notices/orders at issue in this case do not present such an issue. As such, *Open Door* is distinguishable, and Plaintiffs' "constitutional" argument regarding the hearing examiner's authority fails.

Therefore, the Court grants summary judgment in favor of Defendants because Plaintiffs failed to exhaust their administrative remedies as required under LUPA.

### 3. Plaintiffs' 42 U.S.C. § 1983 Claims

#### a. Plaintiffs' Procedural Due Process Claim

Plaintiffs allege that "the issuance of [the six notices/orders] occured without a hearing, and therefore constituted a denial of due process . . . ." Dkt. 48 ¶ 3.12. "In the absence of extraordinary circumstances, procedural due process

requires notice and an opportunity to be heard *before* any governmental deprivation of a property interest." *Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 835 (9th Cir. 1987) (citing *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). In Washington, the issuance by a municipality of a notice of violation (such as these notices/orders to cease and desist) only amounts to a "notice to the interested parties that a code violation exist[s]." *Scott v. City of Seattle*, 99 F. Supp. 2d 1263, 1268 (W.D. Wash., 1999) (citing *Cranwell v. Mesec*, 77 Wn. App. 90, 111 (1995)). In such instances, the notice does not "constitute[ ] a significant property interest giving rise to procedural due process." *Id*. at 1268-1269; *see also Young v. Pierce County*, 120 Wn. App. 175 (2004) (same). This makes sense because the notices/orders cannot effect the taking of a property interest; rather, they merely operate to inform the interested party of the violation in order that they may appeal to a hearing examiner or, among other things, apply for a nonconditional use permit.

Applied here, Plaintiffs' claim must fail to the extent it is based on the issuance of the six notices/orders, as they do not give rise to the need for procedural due process.

### b. Plaintiffs' Failure to Train Claim

Plaintiffs allege that Pierce County failed "to properly train, supervise, or instruct its employees." Dkt. 48 ¶ 4.2.1. Plaintiffs further allege that this failure caused Pierce County to fail in preventing "misconduct on more than one occasion and Pierce County therefore knew or should have known that its training program, if any, was deficient." *Id*. Plaintiffs contend this "failure to train amounts to deliberate indifference to the rights of persons with whom PALS comes in contact." *Id*. This amounts to a claim for municipal liability.

A claim for municipal liability is commonly referred to as a *Monell* claim. In *Monell*, the Supreme Court held that a municipality can be held liable under §

1983 only when the municipality itself causes the constitutional violation; respondeat superior liability will not attach under § 1983 in municipality liability claims. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694-95 (1978). A plaintiff can prevail on a *Monell* claim against the City defendants by identifying "a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell*, 436 U.S. at 694-95 (1978)). The Supreme Court has also held that a municipality may be held liable for due process violations when it fails to train its employees. To succeed in such a case, a plaintiff must show that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 380 (1989). Plaintiffs have not made any such adequate showing here.

Therefore, the Court grants summary judgment in favor of the Defendants on Plaintiffs' failure to train issue.

   **c.**  **Plaintiffs' Fourth Amendment Claim**

Plaintiffs allege that "[a]t the direction of PALS [D]efendants and/or other employees of Pierce County, under color of law, entered onto [Plaintiffs' property] and without warrant or permission, committed on more than one (1) occasion impermissible searches." Dkt. 48 ¶ 4.4.1. Again this is a *Monell* claim for municipal liability and Plaintiffs have failed to allege the presence of "a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation suffered." *Galen*, 477 F.3d at 667.

Therefore, the Court grants summary judgment in favor of the Defendants on Plaintiffs' Fourth Amendment Claim.

#### d. **Plaintiffs' Substantive Due Process Claim**

There is some point of contention between the parties regarding whether Plaintiffs alleged a substantive due process claim in their amended complaint (Dkt. 48) or whether they have, in their response to the motion for summary judgment (Dkt. 63), "finessed" their complaint to create new theories that side-step any statute of limitations or failure to exhaust their remedies. *Compare* Dkt. 63 with Dkt. 73. Plaintiffs arguably contend that their substantive due process rights were violated when the prosecutor continued criminal proceedings in the face of Pierce County's acknowledgment of Plaintiffs' nonconforming use rights in their property. Dkt. 63 at 12; *see also* Dkt. 48 ¶ 3.11 (alleging due process violations, not procedural due process specifically).

To succeed on this claim requires Plaintiffs to establish either prosecutorial liability or municipal liability. First, Plaintiff has not named the Pierce County prosecutor as a defendant, likely because a prosecutor enjoys immunity from Section 1983 suits. Second, Plaintiffs have not alleged facts that would support a claim of municipal liability (a *Monell* claim); see above.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 4. **Plaintiffs' Negligence Claim**

Plaintiffs claim that Defendants were negligent when they investigated "whether [Plaintiffs'] land is entitled to applicable exceptions or exclusions . . . from regulation." Dkt. 48 ¶ 4.3.2. In supporting this claim, Plaintiffs seem to place the burden of determining whether their property is entitled to a nonconforming use on the Defendants.

To begin with, to the extent this negligence claim is based on the 2004 notices/orders, it is barred by the statute of limitations; see above. Further, the burden of establishing a nonconforming use is on the land owner. *Miller v. City of*

*Bainbridge*, 111 Wn. App. 152, 164-65 (2002); *see also, Rhod-A-Zalea & 35th Inc. v. Snohomish County*, 136 Wn.2d 1 (1998). On these bases, Plaintiffs' negligence claim fails.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 5. Plaintiffs' Inverse Condemnation Claim

Plaintiffs allege a claim for inverse condemnation based on Pierce County's rezoning and enforcement of the PCC. Dkt. 48 ¶ 4.5.1. Plaintiffs make this allegation based on the application of the code to their property and the rezoning of their property.

A party must establish the following elements to succeed with an inverse condemnation claim: (1) a taking or damaging (2) without just compensation (3) of private property (4) for pubic use (5) by a governmental entity that has not instituted formal proceedings. *Phillips v. King County*, 136 Wn.2d 946, 957 (1998). The statute of limitations for an inverse condemnation action is ten years. RCW 4.16.020(1).

Pierce County's 1994 comprehensive plan caused Plaintiffs' property to be rezoned. Ord. #94-82s. This zoning became effective January 1, 1995. *See id*. Therefore, the statute of limitations expired on this claim on December 31, 2004. *See* RCW 4.16.020(1). Even if Plaintiffs could bring their challenge following the 2004 notices/orders, the statute of limitations expired in 2007; see above. Further, even if Plaintiffs could bring their challenge following the 2007 notice/order, they failed to appeal the hearing examiners' ruling, which bars their claim for failure to exhaust. Therefore, for all of these reasons, Plaintiffs' inverse condemnation claim must fail.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 6. Plaintiffs' Trespass Claim

Plaintiffs allege that Defendants trespassed upon their land when they conducted warrantless and unreasonable searches of the property. Dkt. 48 ¶ 4.6.1. However, Plaintiffs provide no admissible evidence to support this allegation. The complaint lacks any names or dates of the alleged trespass. The Court finds this claim to be without merit.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 7. Plaintiffs' Interference With Business Expectancy Claim

To the extent Plaintiffs base their business expectancy claim on the 2004 notices/orders, they are barred from doing so by the statute of limitations. To the extent this claim is based on the 2007 notice/order, the hearing examiner's denial of Plaintiffs' appeal became final when Plaintiffs failed to appeal that decision. The Court finds that Plaintiffs' business expectancy claim fails.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 8. Plaintiffs' Malicious Prosecution and Abuse of Process Claims

To prevail on a malicious prosecution claim, Plaintiffs must show: (1) that prosecution claimed to have been malicious was instituted or continued by Defendants; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that proceedings were instituted or continued through malice; (4) that proceedings terminated on the merits in favor of Defendants, or were abandoned; and (5) that Plaintiffs suffered injury or damage as a result of the prosecution. *Brin v. Stutzman*, 89 Wn. App. 809, 818 (1998).

Plaintiffs have not alleged adequate facts to satisfy each of these elements. Specifically, Plaintiffs have not established malice or that Defendants lacked

probable cause to continue the prosecution. Further, the statute of limitations and failure to exhaust issues that appear to plague Plaintiffs' claims are present here as well.

Therefore, the Court grants summary judgment on this issue in favor of Defendants.

### 9. Other Pending Motions

Within their motion for summary judgment, Defendants move the Court to strike certain of Plaintiffs' responsive materials. Dkt. 73 at 7-12. However, even if the Court admitted the materials Defendants seek to strike, the Court would grant summary judgment in favor of the Defendants as discussed herein. As such, the Court declines to rule on Defendants' motion to strike (Dkt. 73).

Because the Court grants summary judgment in favor of Defendants as to all nine causes of action alleged by Plaintiffs, all other pending motions are terminated.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion for summary judgment (Dkt. 53) is **GRANTED** and any other pending motions are terminated.

DATED this 9th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge