UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD P. EMERY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY, a political corporation located in the State of Washington, et al., <br><br> Defendants. | CASE NO. C08-5282BHS <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' motion for reconsideration (Dkt. 85) of the Court's prior summary judgment order in favor of Defendants on all claims made (Dkt. 83). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for reconsideration as discussed herein.

**I. PROCEDURAL HISTORY**

On May 7, 2008, Plaintiffs filed this action for damages in Thurston County Superior Court. Dkt. 1, Ex. A. On the same day, Defendants removed the action to federal court. Dkt. 1. On November 13, 2008, Defendants answered the complaint. Dkt. 18. On October 15, 2009, Plaintiffs requested leave to file an amended complaint. Dkt. 30. On October 26, Defendants responded to Plaintiffs' motion to amend. Dkt. 32. On October

ORDER - 1

1  27, 2009, the matter was reassigned with the prior motions referred to the undersigned.
2  Dkt. 36. On October 28, 2009, Plaintiffs replied to Defendants' response to the motion to
3  amend. Dkt. 40. On November 23, 2009, the Court granted the motion to amend. Dkt. 47.
4  On November 30, 2009, Plaintiffs filed their amended complaint. Dkt. 48. On December
5  22, 2009, Defendants moved the Court for summary judgment, which included a motion
6  to strike certain information relied upon by Plaintiffs. Dkt. 53. On January 12, 2010,
7  Plaintiffs responded to the motion for summary judgment. Dkt. 65. On January 20, 2010,
8  Defendants replied. Dkt. 73. On February 19, 2010, the Court granted Defendants motion
9  for summary judgment. Dkt. 83.

On February 19, 2010, Plaintiffs moved the Court to reconsider its summary judgment order. Dkt. 85. On February 22, 2010, the Court ordered a response to the instant motion. Dkt. 86. On March 5, 2010, Defendants responded. On March 10, 2010, Plaintiffs filed a reply.[1]

## II. FACTUAL BACKGROUND

This matter arises out of Plaintiffs' use and alleged misuse of their property. *See generally* Dkt. 48. Plaintiffs have owned two parcels of property in Pierce County, Washington since 1915. Declaration of John C. Cain (Cain Decl.), Ex. 29 ¶ 7. Over the years, Plaintiffs have utilized these parcels for "timber production and harvesting, farming, and trucking." *Id*.

Pierce County's 1994 comprehensive plan rezoned Plaintiffs' property in 1994. Ord. #94-82s. This zoning became effective January 1, 1995. *Id.* Based on inspections of Plaintiffs' land, which began in 2004, Pierce County Department of Planning and Land Services ("PALS") issued six notices/orders in relation to certain activities Plaintiffs were

---

[1]Generally, responsive pleadings to a motion for reconsideration are not to be filed unless by request of the Court. Local Rule CR 7(h)(3) (court "*may authorize* a reply") (emphasis added). Although the Court requested Defendants' response, it did not request Plaintiffs' reply. However, the Court has reviewed Plaintiffs' reply in an effort to ensure that the Court did not overlook a meritorious argument.

ORDER - 2

engaged in, on their property, which PALS determined to be illegal. Dkt. 48, Exs. 1-2. Plaintiffs allege that, on more than one occasion, these inspections resulted from uninvited entry and unwarranted searches upon their land. Dkt. 48 ¶ 3.9.

Plaintiffs admit that they informed the county that they would not comply with these land use cease and desist order(s). Dkt. 54, Declaration of P. Grace Kingman (Kingman Decl.), Ex. 2 at 1 (Emery Deposition). Plaintiffs allege that these orders issued without a hearing on the merits and did not inform them that they needed to apply for a non-conforming use permit. Dkt. 48 ¶ 3.12; Declaration of Donald P. Emery. The orders did inform Plaintiffs that "[a]ppeals of the Correction Notice/Cease and Desist Order shall proceed according to PCC 1.22.090" (Pierce County Code). *See, e.g.,* Dkt. 48, Ex. 1 at 4. Part IV of the order(s) also informed Plaintiffs that they "must submit an application . . . for an Appeal of an Administrative Official's Decision . . . within fourteen (14) days of the date of [the] order." *Id.* at 7. Plaintiffs did not make such appeal.

The order(s) also informed Plaintiffs that "noncompliance [with the order] may result in . . . criminal charges." *Id.* at 10. Additionally, the August 25, 2004, Notice and Order to Correct informed Plaintiffs that one option for resolution was to "contact Terry Belieu, Associate Planner, . . . to apply for a Conditional Use Permit." Dkt. 48, Ex. 2 at 1. Plaintiffs eventually filed for a conditional use permit in June of 2005. Plaintiffs did receive acknowledgment of non-conforming use rights from the county in February of 2006. Dkt. 66-5 at 14 (the letter). Plaintiffs appealed this letter, and PALS issued an amended/revised letter of acknowledgment, by letter dated April 3, 2007. Dkt. 67-9 at 12-15.

Plaintiffs also allege that, in addition to these orders, "Defendants knowingly recommended to the Pierce County Prosecutor that the [Plaintiffs] be criminally charged with land use violations that were false and not supported in either law [or] fact . . . ." Dkt. 48 ¶ 3.8. The prosecutor did, in fact, bring criminal charges against Plaintiffs. *Id.* Plaintiffs allege that, although these charges were eventually dropped, they incurred great

ORDER - 3

1  expense because of the charges. *Id*. The charges were dropped on April 4, 2007. *See* Dkt.
2  55, Declaration of Cort O'Connor (O'Connor Decl.) at 2.

3        Based on the foregoing, Plaintiffs alleged nine causes of action against
4  Defendants: (1) violations under 42. U.S.C. § 1983, et seq.; (2) failure to train, supervise
5  or instruct; (3) negligence; (4) unreasonable search, violating the Fourth Amendment of
6  the Untied States Constitution; (5) inverse condemnation; (6) trespass; (7) interference
7  with a business expectancy; (8) malicious prosecution; and (9) abuse of process. Dkt. 48
8  ¶¶ 4.1.1 - 4.9.3.

9        The Court ordered summary judgment in favor of Defendants on each of these
10 causes of action. Dkt. 83. Plaintiffs now move for reconsideration. Dkt. 85. Plaintiffs
11 contend that the Court erred in dismissing the claims for malicious prosecution, violation
12 of 42 U.S.C. § 1983, and negligence. Dkt. 85 at 6. Plaintiffs do not assert error regarding
13 the remaining claims dismissed on summary judgment. *Id*.

**III. DISCUSSION**

**A.     Summary Judgment Standard**

      Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

ORDER - 4

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   Motion for Reconsideration Standard**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

**C.   Defendants' Motion for Reconsideration**

    **1.   Basis of Plaintiffs' Complaint**

Plaintiffs claim the Court erred in concluding that six notices/orders formed the basis of their complaint. Dkt. 85 at 1. Plaintiffs urge, instead, that the basis of their complaint is the criminal prosecution filed against them by Pierce County. *See* Dkt. 85 at 1-2; *see also* Amended Complaint ¶ 3.8 (alleging that PALS recommended criminal charges be filed by the prosecutor). Notably, however, Lori Kennedy, the prosecutor in this matter, filed the criminal action based on the underlying notices/orders of land use

ORDER - 5

1  violations. *See* Dkt. 67-3, Declaration of Lori Kennedy (Kennedy Decl.) ¶¶ 9, 22
2  (Kennedy stating under oath that she only files criminal actions based on the information
3  she receives establishing sufficient evidence that a person is in violation of land use
4  regulations and subject to criminal action). Thus, the Court concludes that the underlying
5  notices/orders, having formed the basis of the criminal charge against Plaintiffs, provide
6  the foundation of Plaintiffs' current action, regardless of their characterization. Put
7  otherwise, without these notices/orders, Pierce County would have lacked a basis upon
8  which to have filed the criminal complaint.

9       As discussed in the order on summary judgment, Plaintiffs failed to challenge the
10 first five of six orders/notices of their land use violations. Dkt. 83 at 6. In doing so,
11 Plaintiffs failed to exhaust their administrative remedies with respect to these
12 notices/orders and they became verities. *See* PCC 1.22.090; RCW 36.70C. Further, the
13 statute of limitations ran on the first five orders. Dkt. 83 at 6.

14      With respect to the notice/order number six, the Court previously concluded that,
15 while Plaintiffs did challenge the order/notice, they did not appeal the decision; therefore,
16 it too became a verity. *See* PCC 1.22.090; RCW 36.70C.

17      Because Plaintiffs fail to meet their burden on reconsideration with respect to the
18 Court's prior conclusions about the orders/notices, the Court declines to reconsider its
19 prior ruling on these issues.

20      **2.    Arrest Without Probable Cause**

21      Plaintiffs next contend that "a reasonable juror would have little difficulty
22 concluding that there was no probable cause for the filing of a criminal charge . . . ." Dkt.
23 85 at 3. The issue of probable cause to file a criminal action is an element that Plaintiffs
24 must prove to establish their malicious prosecution claim. Therefore, the Court resolves

ORDER - 6

the issue of probable cause within the section below concerning Plaintiffs' malicious prosecution claim.[2]

### 3. Malicious Prosecution

Plaintiffs argue that "a reasonable juror . . . could determine that [m]alicious [p]rosecution had occurred." Dkt. 85 at 6. To prevail on a malicious prosecution claim, Plaintiffs must show that: (1) the prosecution claimed to have been malicious was instituted or continued by Defendants; (2) there was *want of probable cause* for the institution or continuation of the prosecution; (3) proceedings were instituted or continued through malice; (4) proceedings terminated on the merits in favor of Defendants, or were abandoned; and (5) Plaintiffs suffered injury or damage as a result of the prosecution. *Brin v. Stutzman*, 89 Wn. App. 809, 818 (1998).

The Court previously concluded that Plaintiffs failed to allege adequate facts to satisfy each of these elements. Dkt. 83 at 13. Specifically, the Court determined that Plaintiffs have not established malice or that Defendants lacked probable cause to continue the prosecution. *Id*. at 13-14. Plaintiffs contend the Court's conclusions were in error. Dkt. 85 at 6.

As Plaintiffs correctly point out, probable cause is defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *State v. Scott*, 93 Wn.2d 7, 11 (1980).

Plaintiffs contend that evidence must support criminal wrongdoing for a criminal complaint to be filed. Dkt. 85 at 3. Plaintiffs also assert that "[t]his is not a challenge to an administrative decision." *Id*.

---

[2] To the extent Plaintiffs argue for reconsideration on the basis that Mr. Emery was "functionally" arrested without probable cause, the claim fails. *See* Dkt. 85 at 9-10. First, this new argument is not properly before the Court on reconsideration. Second, Plaintiffs offer no authority for this proposition of "functional arrest" occurring by reason of Mr. Emery having to appear in Court.

ORDER - 7

However, the prosecutor in this matter received a packet of information which included five 5 notices/orders of violations. Those violations became verities when Plaintiffs did not appeal them, which subjected Plaintiffs to criminal prosecution. The prosecutor, in her declaration, notes that she filed the criminal action based on the information received and that it established sufficient information to charge Plaintiffs. Kennedy Decl. ¶ ¶ 9, 22. Plaintiffs fail to provide contrary evidence to this fact. *See* Emery Decl. ¶¶ 2-4. Instead, Plaintiffs only support their claim by speculation and impermissible inference, which is fatal to their claim. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990) (Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.).

Plaintiffs further contend that their non-conforming use rights should have prevented any zoning violations in the first place, as well as the subsequent criminal action. Dkt. 85 at 3. However, the burden to establish such rights rests with the land owner. The notices/orders, when issued, were made on the County's belief, rightly or wrongly, that Plaintiffs were not entitled to such rights. Although the County later acknowledged the non-conforming rights, the burden rested on Plaintiffs to establish such rights at the time they could have challenged the orders/notices. *See Miller v. City of Bainbridge*, 111 Wn. App. 152, 164-65 (2002). In general, the purpose of such land use violation orders/notices is to alert a land owner to a perceived violation and provide that land owner with an opportunity to correct any errors or to correct the violation. Because Plaintiffs did not challenge the 2004 orders/notices, the County's later acknowledgment of the nonconforming-use rights does not undermine the propriety of the criminal action's initiation. Indeed, Plaintiffs admit to failing to challenge the orders/notices issued in 2004. *See* Dkt. 83 at 2.

Plaintiffs next contend that the County should not have been permitted to continue its criminal prosecution because the County acknowledged such rights existed, thereby obviating the need to prove that such rights existed. Dkt. 85 at 9. However, Plaintiffs

ORDER - 8

1 appealed the initial letter of acknowledgment, dated February 17, 2006. Dkt. 66-5 at 14
2 (the letter). The County did not finalize its position on Plaintiffs' nonconforming rights
3 until issuing its "revised/amended" conformation letter dated April 3, 2007. Dkt. 67-9 at
4 12-15. On April 4, 2007, the Prosecutor dismissed the criminal action without prejudice.

In short, the Court finds Plaintiffs' position illogical. Initially, the prosecutor filed charges based on the underlying land use decisions, which had been unchallenged and were, therefore, verities. Put otherwise, the challenge to probable cause is necessarily a challenge to the underlying administrative decision. Then, the criminal prosecution persisted only until one day after the County issued its final acknowledgment of Plaintiffs' nonconforming rights. *See* Dkt. 67-9 at 12-15 (letter revising/amending confirmation of nonconfirmation use); O'Connor. Decl. at 2 (trial dismissed April 4, 2007). As a result, probable cause to continue the criminal prosecution persisted at least and until the final acknowledgment issued on April 3, 2007. Plaintiffs provide no evidence other than their own speculation that probable cause was lacking. Failure to establish the want of probable cause is fatal to a malicious prosecution claim, as is the case here. *See Brin*, 89 Wn. App. at 818.

Even if the Court concluded the prosecutor lacked probable cause to file or continue the criminal prosecution, Plaintiffs' malicious prosecution claim fails due to an inability to plead facts sufficient to establish the element of malice. *See Brin,* 89 Wn. App. at 818 (requiring malice be shown in an action for malicious prosecution). Indeed, Plaintiffs present no actual evidence to support a finding of malice other than mere speculation. Speculation will not do duty for probative facts. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

Therefore, the Court denies Plaintiffs' motion for reconsideration on this issue.

**4.   § 1983 Claims, Exhaustion of Remedies**

Plaintiffs contend that § 1983 claims do not require an exhaustion of administrative remedies. Dkt. 85 at 9. Plaintiffs' argument is misguided. If Plaintiffs had

ORDER - 9

asserted that the notices/orders themselves were constitutionally infirm, their position regarding exhaustion of administrative remedies might be cognizable. However, Plaintiffs present no evidence in the record supporting a claim that they were deprived of due process or other constitutional rights in connection with the administrative process. In any event, the statute of limitations for challenging these orders has already expired.

Therefore, the Court declines to reconsider this issue.

**5.** *Monell* **Claims**

Plaintiffs argue that the Court improperly concluded that Plaintiffs had to establish a *Monell* claim. Dkt. 85 at 1. Plaintiffs begin this argument by claiming that Mr. Emery was "functionally" arrested, which gave rise to their § 1983 claim. *Id*. at 10. However, Plaintiffs site no authority for this proposition of "functional"arrest.

Next, Plaintiffs argue that the "Court's reliance on *Monell* is misplaced because *Monell* and its progeny are dealing with local government employees taking some *unauthorized* action that may not be the official position of the government." Dkt. 85 at 10. This is incorrect. The Ninth Circuit has made it clear as to what constitutes a *Monell* claim:

> A municipality or other local government entity may be sued for constitutional torts committed by its officials according to an official policy, practice, or custom. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A litigant can establish a *Monell* claim in one of three ways: (1) by showing a longstanding practice or custom which constitutes the standard procedure of the local governmental entity; (2) by showing that the decision-making official was, as a matter of state law, a final policy- making authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986).

The Ninth Circuit has also explained that

> Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the "moving force" behind the constitutional violation. In other words, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Furthermore, it is not enough to "merely [to] alleg[e] that the existing . . . program . . . represents a policy for which the city is responsible."

ORDER - 10

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957-58 (2008) (citations omitted). In short, Plaintiffs' position regarding what a *Monell* claim is, is contrary to the case law on this issue.

Alternatively, Plaintiffs contend that, if such a policy or custom must be shown, then they have done so by "detailing how the County has filed baseless criminal complaints against other land owners with nonconforming business operations, then dismissed the complaints after causing great harm." Dkt. 85 at 11 (relying on Emery Decl. at page 2, lines 12 -13). However, Mr. Emery's allegations are not evidence. Plaintiffs have provided no declarations of other land owners so affected. Plaintiffs have provided no evidence of a policy or custom that was the moving force behind what allegedly occurred in their case. Again, speculation will not do the duty of probative facts.

Because, Plaintiffs have not provided any evidence whatsoever of a municipal policy or custom, they are unable to establish a claim against Pierce County. *See id*. Therefore, the Court declines to reconsider its prior ruling with regard to liability sought to be imposed against Pierce County.

**6.    Negligence**

Plaintiffs contend that the Court erred on summary judgment with respect to their negligence claim because the Court concluded the burden to establish non-conforming rights rests with the land owner. *See* Dkt. 85 at 11 (discussing Dkt. 83 at 11). Plaintiffs make the argument that Defendants breached a duty to "act with reasonable diligence in determining whether a particular operation is entitled to nonconforming use protection." *Id*. However, Plaintiffs provide no authority for this position. Dkt. 85 at 12 (citing only an "implicit" inference in the code). The Court is unpersuaded by Plaintiffs' argument.

Therefore, the Court declines to reconsider its prior ruling on this issue.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 85) is hereby **DENIED** as discussed herein.

DATED this 5th day of April, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge